919 F.2d 139
 31 Fed. R. Evid. Serv. 672
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenda Kay HARTGROVE, Defendant-Appellant.
 No. 90-5331.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1990.
Decided Nov. 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-90-93)
 John C. Rand, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, James Michael Sawyers, Special Assistant United States Attorney, Richard William Westling, Special Assistant United States Attorney, Fort Belvoir, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Glenda Kay Hartgrove was convicted by a magistrate of theft of property of the United States having a value of $100 or less in violation of 18 U.S.C. Sec. 641. That conviction was affirmed by the district court and Hartgrove now appeals to this Court. We affirm.
 
 
 2
 Hartgrove was arrested at the Post Exchange at Fort Belvoir, Virginia, for theft and operating a motor vehicle after suspension of her driver's license. She consented to trial by a United States Magistrate. At the magistrate's trial, a security guard testified that a store employee notified her that a female soldier was acting suspiciously. The guard then saw Hartgrove carrying a raincoat over her arm and watched her remove a plastic bag from her uniform pocket. The guard saw Hartgrove place two boxed pairs of shoes into the bag. The guard also observed Hartgrove remove a batting or golf glove from its package and place it out of view under the raincoat. She also testified that she saw Hartgrove remove a third pair of shoes from the box; although she did not see Hartgrove place the shoes in the bag, the shoes were not there when Hartgrove left the area.
 
 
 3
 The guard continued to follow Hartgrove as she put on her uniform cap and began to exit the store. Before she exited, the guard stopped Hartgrove and identified herself. Hartgrove was detained and taken to the manager's office. The guard testified that at the office, Hartgrove "volunteered and said I left the store without paying for this and placed it on the desk in front of us." The guard testified that Hartgrove stated she had owned the raincoat for a year, but said nothing about going to the returns counter in the store. The guard testified that they scanned the UPC code which remained on the coat and it registered in the store's system. This would indicate that the coat could have come from any military exchange. Hartgrove did not have any receipts for any of the items.
 
 
 4
 A military police officer who arrived on the scene testified that the coat still had a price tag on it and that Hartgrove said she did not have a receipt for it. The police officer stated that the head of security at the store told him that the raincoat came from that particular store. Defense counsel objected to the admission of this testimony on the grounds that it was hearsay. The magistrate ruled the testimony was admissible.
 
 
 5
 Hartgrove testified that she had purchased the coat for her father at another post exchange store and that she sought to exchange the coat for the shoes and other items found in her possession. The magistrate found Hartgrove guilty of the theft, and dismissed the driving charge. She was fined $250 and a $25 special assessment and given a one-year term of supervised probation. Hartgrove then noted a timely appeal to the district court.
 
 
 6
 After a hearing, the district court found that there was adequate evidence of asportation. The court also observed that there was nothing in the magistrate's report to indicate that the hearsay statement played any significant role in his decision. The court noted that there was other damaging evidence against Hartgrove--particularly the voluntary, inculpatory statement. The court thus concluded that since both the law and facts supported the magistrate's decision, it was not clearly erroneous. Hartgrove noted a timely appeal to this Court.
 
 
 7
 "Hearsay" is an out-of-court statement offered in evidence to prove the truth of the matter asserted, and is generally not admissible at trial except as provided by the Rules of Evidence. Fed.R.Evid. 801(c), 802. The out-of-court statement by a store employee that the coat Hartgrove was carrying came from that particular store was offered to establish that fact. Thus, Hartgrove correctly argues that the statement was inadmissible hearsay. Since Hartgrove's defense hinged on her assertion that she had purchased the coat from another store and that she intended to exchange it for the other merchandise she was carrying, she argues that the evidence was so damaging to her credibility that admitting the statement was not harmless error.
 
 
 8
 We reject the government's argument that the disputed statement was not inadmissible hearsay, but hold that Hartgrove is not entitled to relief because it is not clear that admission of the evidence affected any substantial right of the defendant. See Fed.R.Evid. 103. The magistrate noted in his findings of fact that "[a] check run on the Uniform Product Code (UPC) tag attached to the overcoat revealed that the overcoat registered as being from an AAFES store. Such a check conducted within the AAFES system is not able to identify the specific AAFES store from which the merchandise comes." The magistrate made no reference to the hearsay statement.
 
 
 9
 The magistrate instead noted that there was a great deal of other evidence presented which supported a finding of guilt. The magistrate noted that an eyewitness testified that she saw Hartgrove place two boxes of shoes in a store plastic bag; that she saw Hartgrove remove a glove from a display and conceal it beneath her coat; and that the items were recovered from Hartgrove when she attempted to leave the store. The items were property of the exchange. Additionally, the district court took note of the same evidence and also commented that there was testimony that Hartgrove had made a voluntary statement that she "left the store without paying for this" and placed the items on the desk in the manager's office.
 
 
 10
 Where non-constitutional error is involved, the proper test of harmlessness is whether, on appellate review, this Court can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the the whole, that the judgment was not substantially swayed by the error." United States v. Urbanik, 801 F.2d 692, 698 (4th Cir.1986). In applying this test, the Court must ask whether it is "highly probable that the error did not affect the judgment." Id. at 699. In light of the magistrate's comments regarding the UPC scanning of the coat's tag and all of the other evidence against Hartgrove, it is "highly probable that the error did not affect the judgment." Therefore, we conclude that the admission of the hearsay testimony was harmless error and affirm the conviction.
 
 
 11
 AFFIRMED.